NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PARNELL JAY FAIR,

        Plaintiff - Appellant,

  v.

LUKAS TURLEY; ALEXANDER
RYNDAK,

        Defendants - Appellees.

No. 24-1846

D.C. No.
2:20-cv-01841-JCM-BNW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted April 1, 2025
Phoenix, Arizona

Before: W. FLETCHER, FISHER[**], and R. NELSON, Circuit Judges.

Parnell Fair appeals the District Court's order granting summary judgment

based on qualified immunity to officer defendants Lukas Turley and Alexander

Ryndak for claims of denial of post-arrest medical care and excessive force.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable D. Michael Fisher, United States Circuit Judge for the Court of Appeals, 3rd Circuit, sitting by designation.

Because we conclude there was no constitutional violation with regard to either claim under the first prong of the qualified immunity analysis, we affirm.

We have jurisdiction under 28 U.S.C. § 1291. We review a district court's grant of summary judgment, as well as its conclusions on qualified immunity, de novo. *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 946 (9th Cir. 2017); *Gonzalez v. City of Anaheim*, 747 F.3d 789, 793 (9th Cir. 2014).

### 1. Post-Arrest Medical Care

Fair argues that Turley and Ryndak's conduct violated his Fourth Amendment right to "objectively reasonable post-arrest care." *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006). For post-arrest care claims, a police officer acts reasonably "by either promptly summoning the necessary medical help or by taking the injured detainee to a hospital." *Id.* (quoting *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1415 (9th Cir. 1986)).

The record supplemented by body camera footage demonstrates that the officers' conduct was reasonable. The officers relied on the expertise of medic Miguel Austad, who arrived on the scene promptly after Fair was tackled and handcuffed by Turley. Immediately, Turley informed Austad that Fair was complaining of a broken leg, but Austad responded Fair was "fine" based on his visual assessment. Austad then left the scene momentarily. When Ryndak arrived a few minutes later, he radioed for medical personnel to assess the situation, unaware

that Austad had already assessed Fair. However, his decision to cancel that request was reasonable when he saw Austad return to the scene after briefly stepping away.

Even if Austad's visual assessment did not constitute adequate medical assistance, the officers' reliance on it was reasonable. Unlike the officers, Austad had medical expertise, and Fair did not appear to have any obvious serious or life-threatening injury. Austad never recommended transporting Fair to a hospital, so it was reasonable for the officers to first send Fair to the detention center where they knew he would receive treatment and further diagnosis.

Our Fourth Amendment analysis is an objective one, without "the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). While waiting, the officers could have spoken to Fair in a more professional-like manner. But we may not consider their subjective intent. *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 797 (9th Cir. 2018). They did not violate Fair's right to "objectively reasonable post-arrest care." *Tatum*, 441 F.3d at 1099.

## 2. Excessive Force

Fair also argues that Turley violated his Fourth Amendment right to be free from excessive force by forcing him to walk on his injured leg.[1] In evaluating

---

[1] Fair abandoned his excessive force claim against Ryndak in the District Court when seeking leave to amend his complaint.

excessive force claims, we balance "'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)). Here, the "type and amount of force inflicted" were insignificant and outweighed by the governmental interest. *Rice v. Morehouse*, 989 F.3d 1112, 1121 (9th Cir. 2021) (quoting *Lowry v. City of San Diego*, 858 F.3d 1248, 1256 (9th Cir. 2017)). Turley used minimal force by having Fair walk two short distances, acting on a belief—reasonable at the time—that Fair either was feigning an injury or was not seriously injured. *See Graham*, 490 U.S. at 396. Turley therefore did not violate Fair's right to be free from excessive force.

**AFFIRMED.**